UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA DEPARTMENT
OF EDUCATION DIVISION OF BLIND
SERVICES,**

    Plaintiff,

v.                                        CASE NO. 3:15cv203-MCR/CJK

**UNITED STATES OF AMERICA,
BY AND THROUGH HONORABLE
ASHTON CARTER SECRETARY OF
DEFENSE AND HONORABLE
DEBORAH LEE JAMES SECRETARY
OF THE AIR FORCE ,**

    Defendants.
_____/

## ORDER

    Plaintiff State of Florida Department of Education Division of Blind Services (DBS) has filed a Complaint for Temporary Restraining Order and Preliminary Injunction against Defendants United States of America, by and through the Honorable Ashton Carter, Secretary of Defense, and the Honorable Deborah Lee James, Secretary of the Air Force. Before the Court is DBS's Motion for Temporary Restraining Order (doc. 3), which was filed on April 29, 2015.[1] DBS seeks to preclude the implementation of a contract for food services at Eglin Air Force Base, which DBS alleges was awarded to Acorn Food Services on April 8, 2015, in violation of the Randolph-Sheppard Vending Facility Act, 20 U.S.C. § 107, *et seq*. DBS's current contract to supply food services at Eglin is set to expire today, April 30, 2015. DBS initiated arbitration proceedings on April 24, 2015, pursuant to 20 U.S.C. § 107d-1(b), to resolve its dispute with the Air Force and seeks to preclude implementation of the new contract pending the conclusion of the arbitration proceedings.

---

[1] The case was filed in the wrong division and was transferred to this division and reassigned to the undersigned this afternoon.

The Federal Rules of Civil Procedure provides that an *ex parte* temporary restraining order (TRO) may issue only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice." Fed. R. Civ. P. 65(b). Also, the Eleventh Circuit has articulated the following elements that must be demonstrated in order to obtain a TRO:

(1) a substantial likelihood of success on the merits;

(2) irreparable harm to the moving party if the TRO is not issued;

(3) the threatened injury must outweigh the harm that the TRO would cause to the nonmoving party; and

(4) the TRO must not be adverse to the public interest.

*See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Reviewing DBS's complaint, which is not verified but instead was accompanied by an attorney affidavit, certifying that the complaint has been filed and detailing counsel's efforts to provide notice to Defendants, the Court cannot find a threat of immediate injury to DBS. The timing of the motion is inconsistent with, and undercuts, the threat of immediate injury. DBS was aware that the Air Force awarded a food services contract to Acorn Food Services on April 8, 2015 and also that DBS's contract was set to expire on April 30. DBS initiated arbitration proceeding on April 24; however, this action was not filed until April 29, the day before its contract was set to expire. The Court will not issue an ex parte temporary restraining order where it is evident the plaintiff was aware of the impending harm well before the motion was filed. *See Tough Traveler, Ltd. v. Outbound Prods*., 60 F.3d 964, 968 (2nd Cir. 1995) (stating "a presumption of irreparable harm is inoperative if the plaintiff has delayed," and, although "such delay may not warrant the denial of ultimate relief, it may, standing alone, preclude the granting of preliminary injunctive relief because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury" (internal marks and citations omitted)). DBS relies on *Kentucky v. United States*, 759 F.3d 588 (6th Cir. 2014), but in that case the Sixth Circuit was not addressing a TRO, and the plaintiffs in that case filed suit well in advance of the expiration of their contract. Additionally, it appears that there will be harm to the third party vendor

that has been awarded the new contract by issuing a TRO at this late hour. A TRO is an extraordinary remedy that is not warranted unless the plaintiff has clearly satisfied the requirements.[2] *Cf. CBS Broadcasting, Inc. v. Echostar Commc'ns. Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal marks omitted), *cert. denied*, 535 U.S. 1079 (2002). Finally, the Court notes that although DBS asserts that it is attempting to maintain the status quo, it would appear that it is actually attempting to extend a contract that is set to expire tonight by its own terms. The Court will consider the issues in more depth on a fully briefed motion for preliminary injunction in due course.

Accordingly, Plaintiff's Motion for Temporary Restraining Order (doc. 3) is **DENIED**.

**DONE AND ORDERED on this 30th day of April, 2015.**

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] In light of DBS's eleventh hour filing, there is not sufficient time for a comprehensive order.